# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| RICHARD J. HILL, SR., <br><br> Plaintiff, <br><br> vs. <br><br> YELLOWSTONE COUNTY DETENTION CENTER, SHEILA R. KOLAR, MARY JANE KNISELY, and PAULA SAYE-DOOPER, <br><br> Defendants. | Cause No. CV 13-37-BLG-RFC-CSO <br><br> ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Pending is Plaintiff Richard Hill's Motion to Proceed in Forma Pauperis (*DKT 1*) and proposed Complaint alleging that his daughter was wrongfully taken from him in May 2012. *DKT 2*.

I. **MOTION TO PROCEED IN FORMA PAUPERIS**

Hill submitted a declaration and account statements sufficient to make the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

1

Pursuant to 28 U.S.C. § 1915(b)(1), Hill is required to pay the statutory filing fee for this action of $350.00. According to his account statements, Hill has insufficient funds to pay an initial partial filing fee. That fee will be waived but Hill will be obligated to make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). By separate order, the Court will direct the agency having custody of Hill to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. §1915(b)(2).

## II. **STATEMENT OF THE CASE**

### A. **Parties**

Hill is a prisoner currently incarcerated at the Yellowstone County Detention Center on criminal charges unrelated to the allegations in his Complaint.

Hill names the following Defendants: Yellowstone County Detention Center, Sheila R. Kolar, Mary Jane Knisely, and Paula Saye-Dooper, and Carol Ady.

B. **Allegations**

On May 15, 2012, Hill's mother-in-law, Carol Ady, filed a petition for appointment of a guardian for Hill's minor daughter and obtained a temporary order for appointment of guardian. *DKT 2-1, pp1-7: Petition for Appointment of a Guardian for Minor Child and Motion to Quash a Temporary Order for Appointment of Guardian.*[1] Hill states that Carol Ady alleged in the petition that he was an unfit parent and that his daughter did not have a guardian. As a result, two police officers came to his house and removed his daughter. *DKT 2, p. 6.* On June 27, 2012, Hill opposed the petition and moved to quash the temporary order of appointment of guardian. *DKT 2-1, pp. 1-7.*

Hill is suing Carol Ady for defamation of character and for causing him and his daughter emotional distress as a result of his daughter being taken from him. *DKT 2, p. 6.*

He is suing Judge Mary Jane Knisley, a state district court judge, for signing documents that allowed his daughter to be taken from him.

---

[1] *During v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987)(the court may consider documents attached to the complaint as part of the complaint when determining whether the plaintiff can prove the allegations asserted in the complaint).

3

He names Judge Sheila Kolar, a municipal court judge, for signing a restraining order to keep him away from his daughter for no reason and for not taking the proper steps by having Child Protective Services investigate. *DKT 2, p. 6.*

He is suing Paula Saye-Dooper (who appears to have been Ms. Ady's attorney in the guardianship action) because she should have known that taking the case against Hill would cause emotional distress for him and his daughter. *DKT 2, p. 6.*

Hill cites Mont. Code Ann. § 72-5-222 (Court appointment of guardian of minor–when allowed–priority of testamentary appointment), § 71-1-301 (small tract financing act of Montana), and § 72-5-225 (procedure for court appointment of guardian of minor–notice–hearing–representation by attorney) as the basis for his claims. *DKT 2, p. 6.*

III. **SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

Because Hill is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of

4

a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89 (2007); *Cf*. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave

to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

IV. **ANALYSIS**

A. **Private Parties**

To state a federal claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Hill does not allege a violation of federal law. He lists only violations of the Montana Code and state common law claims.

In addition, Hill has named two private individuals as defendants: Carol Ady and Paula Saye-Dooper. Generally, only a state actor, and not a private individual or entity, may be liable under 42 U.S.C. § 1983 because § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotations omitted); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999).

While there are exceptions to this general rule, none is applicable here. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) (where a plaintiff alleges only misuse or abuse of a state statute by a private party, they cannot state a claim under § 1983). Hill's mother-in-law and her attorney are not persons acting "under color of state law" and therefore all federal claims against these defendants should be dismissed.

### B. <u>Judicial Immunity</u>

Hill also names as Defendants Judge Sheila Kolar and Judge Mary Jane Knisley. Judges are absolutely immune from liability for

damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356 (1978); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Any actions which Judges Kolar or Knisley took with regard to the removal of Hill's daughter or the temporary order of appointment of a guardian were judicial acts performed within their subject matter jurisdiction. All federal claims against these defendants should also be dismissed.

### C. Yellowstone County Detention Facility

In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. 7-32-2120. As such, a detention facility is merely a building. It is not a "person" that can be sued under 42 U.S.C. § 1983. *Barnes v. Missoula County Detention Facility*, 2008 WL 5412448; *see also United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983")

8

(citations omitted). Hill cannot state a federal claim for relief against the detention facility.

In addition, Hill makes no claims against the detention center in the Complaint. Hill did submit a letter with the Complaint which seeks legal assistance presumably from attorneys. The letter describes an incident which occurred on December 14, 2012 when Hill was booked into the Yellowstone County Detention Facility. He contends he was denied medical care for his diabetic condition and that officers used excessive force.

To the extent the letter suggests additional claims that could be brought they should not be included in this lawsuit. Rule 20(a)(2) of the Federal Rules of Civil Procedure imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977).

Any claims Hill may have against any defendants at the Yellowstone County Detention Facility regarding his detention in December 2012 are unrelated to his claims regarding the temporary removal of his daughter in May 2012. It is unnecessary to determine whether or not the letter raises additional claims, as the inclusion of those claims in this matter would violate Rule 20.

D. **State Law Claims**

To the extent Hill seeks to pursue Montana state law claims, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3)(district court may decline supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction"). Hill can attempt to bring these claims in state court if he chooses.

V. **CONCLUSION**

Hill has failed to state a federal claim upon which relief may be granted and the Court should decline to exercise supplemental jurisdiction over any state law claims. The Complaint should be dismissed.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Hill's failure to state a federal claim for relief is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

At all times during the pendency of this action, Hill SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Accordingly, the Court issues the following:

**RECOMMENDATIONS**

1. Hill's Complaint should be dismissed without prejudice because it fails to state a federal claim for relief. The Court should decline supplemental jurisdiction over all state law claims.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect

that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Hill's failure to state a federal claim for relief is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Hill may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

The objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied on to contradict that finding.  In addition, the objections must itemize each recommendation to which objection is made and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Hill from relying on that fact or argument at a later stage of the proceeding.  A district judge will

make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 26th day of March, 2013.

                                       /s/ *Carolyn S. Ostby*
                                       United States Magistrate Judge